IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHRISTIAN J. FUENTES § | |
| § | |
| VS. § | CIVIL NO. 5:23-cv-300 |
| § | |
| GERARDO MANJARREZ AND § | |
| SCHWERMAN TRUCKING CO. § | |

### DEFENDANT, SCHWERMAN TRUCKING CO.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS:

NOW COMES, Defendant, **SCHWERMAN TRUCKING CO**. and files its Original Answer to Plaintiff's Original Petition and would show the Court the following:

### FIRST DEFENSE

Defendant, **SCHWERMAN TRUCKING CO.,** allege that the incidents to which the Plaintiff refers and the resulting damages to the Plaintiff, if any, which is not admitted but denied, were caused by the actions and/or omissions of Plaintiff and/or third persons over whom Defendant had no control, which were negligent, negligent per se, intentional or otherwise, and each of which were a proximate or producing cause, a sole cause, or a new and intervening and independent cause of the incident to which Plaintiff complains and the resulting damages to the Plaintiff, if any.

### SECOND DEFENSE

Defendant generally denies each and every allegation contained in the Plaintiff's Petition and demands strict proof thereof, except as otherwise stated herein.

### THIRD DEFENSE

Defendant pleads Chapters 32 and 33 of the Texas Civil Practice & Remedies Code dealing with contribution and comparative responsibility, and require that the damages be assessed in accordance with those provisions.

### FOURTH DEFENSE

Defendant alleges that the Plaintiff's claim for damages may be barred in whole or in part, whether under the doctrine of comparative responsibility or failure to mitigate damages, and/or by Plaintiff's acts of negligence. The same may constitute negligence *per* se, and Defendant requests that the jury be so instructed.

### FIFTH DEFENSE

Defendant asserts all rights to which they are entitled pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code, including but not limited to, their right to pursue percentage reduction, monetary credit, offset and/or other relief provided under the laws of Texas for any settlement agreements between Plaintiff and any settling person or party, the right to a separate determination by the trier of fact to the percentage of responsibility for each claimant, each defendant, each settling person, and/or each responsible third party.

### SIXTH DEFENSE

Pursuant to Tex. Civ. Pract. & Rem. Code §41.0105 and the laws of Texas, **SCHWERMAN TRUCKING CO.** claims and asserts the right to have the Plaintiff's recovery of medical or health care expenses, if any, limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

## ADMISSIONS & DENIALS

1. In response to Paragraph 1, there is nothing to admit or deny.

2. In response to Paragraphs 2-4, the allegations made by Plaintiff are admitted, and Defendant admits that the parties are diverse.

3. In response to paragraph 5, it is admitted that the amount in controversy exceeds the minimum jurisdictional limits of the district court. It is denied that the 45th Judicial District of Bexar County Texas has jurisdiction over the case because the case was properly removed to the United States District Court for the Western District of Texas – San Antonio Division on the basis of diversity of citizenship. It is admitted Defendant Schwerman Trucking Co. does business in the State of Texas; it is denied that Defendants are residents of Texas.

4. In response to Paragraph 6, it is denied that venue was proper in the 45th judicial district, but it is admitted that venue is proper in the San Antonio Division of the United States District Court for the Western District of Texas. It is admitted that the incident made the basis of this suit occurred in Bexar County, TX.

5. In response to Paragraph 7, it is admitted that Gerardo Manjarrez was operating his vehicle in the course and scope of his employment with Defendant; it is admitted that Defendant owned the tractor-trailer that Manjarrez was operating; otherwise, denied.

6. Defendant denies Paragraphs 8 and all subparts, 9, 10, 11, 14 [sic] and all subparts, 15, 16, 17, 18, 19, 20, 21, 22, and 23 and all subparts.

7. In response to Paragraph 24, Defendant admits that the amount in

controversy exceeds the jurisdictional limits of the Court; otherwise, denied.

8. In response to Paragraph 25, Defendant denies it is liable for Plaintiff's damages.

9. In response to Paragraph 26, Defendant agrees and also requests a trial by jury.

10. In response to Paragraph 27, there is nothing to admit or deny.

11. In regard to the ad damnum, Defendant says that the Plaintiff is not entitled to recover the relief sought in his ad damnum in his petition.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, **SCHWERMAN TRUCKING CO.,** respectfully prays that upon final trial Plaintiff takes nothing, and for such other and further relief, to which it may show itself entitled.

Respectfully submitted,

*Evan Patterson*

LARRY D. WARREN
State Bar No. 20888450
EVAN F. PATTERSON
State Bar No. 24098232
**ATTORNEYS FOR DEFENDANTS**
**SCHWERMAN TRUCKING CO.**

OF COUNSEL:

NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 731-6350
Facsimile: (210) 785-2950
lwarren@namanhowell.com
epatterson@namanhowell.com

## CERTIFICATE OF SERVICE

      I hereby certify that on the 10th day of March 2023, the foregoing document, was filed with the Clerk of Court using the CM/ECF system, and was served on all counsel of record via E-mail:

Chirag N. Desai
Law Offices of Thomas J. Henry
5711 University Heights Blvd., Suite 101
San Antonio, Texas 78249
*Via Email: cdesai-svc@tjhlaw.com*

**ATTORNEYS FOR PLAINTIFF**

                                    *Evan Patterson*
                                    LARRY D. WARREN
                                    EVAN F. PATTERSON